**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

ERNESTO CORTES-CASTRO, #94860-004,

Petitioner,

v. ACTION NO. 2:16cv528

THOMAS B. SMITH, Warden,[1]

Respondent.

**UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter was brought by petition for a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. It was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

The undersigned recommends that the petition for a writ of habeas corpus be construed as a motion pursuant to 28 U.S.C. § 2255, and DENIED and DISMISSED WITHOUT PREJUDICE because this Court has no jurisdiction over a section 2255 motion.

---

[1] Inasmuch as the petition designates an extraneous party respondent, it is ORDERED that the petition shall be deemed amended to substitute as the sole respondent in this proceeding Thomas B. Smith, Warden, Federal Correctional Institution, Ashland, Kentucky. *See* Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts.

# I. STATEMENT OF THE CASE

## A. Background

Petitioner Ernesto Cortes-Castro is a federal prisoner convicted and sentenced in the United States District Court for the Southern District of Florida (the "trial court"), and presently confined at the Federal Correctional Institution in Ashland, Kentucky.[2]

In a second superseding indictment filed in the Southern District of Florida on June 7, 2011, petitioner was charged with conspiracy to commit sex trafficking, sex trafficking by fraud or force, and transporting for prostitution in violation of 18 U.S.C. §§ 1591(a)(1), 1591(b)(1), and 1594(c). *United States v. Velasquez*, No. 1:11cr20005 (S.D. Fla. June 7, 2011); ECF No. 74 ("Trial Court ECF"). On August 10, 2011, petitioner entered into a plea agreement under which he pled guilty to the first offense in exchange for the dismissal of all the remaining charges. Trial Court ECF Nos. 133–35. On November 15, 2011, petitioner was sentenced to a prison term of 180 months. Trial Court ECF No. 162.

Petitioner appealed to the United States Court of Appeals for the Eleventh Circuit on November 18, 2011, challenging the sentence and restitution order. *United States v. Cortes-Castro*, 511 F. App'x 942 (11th Cir. 2013); Trial Court ECF No. 165.[3] The Eleventh Circuit affirmed the district court's judgment on March 7, 2013. *Id.*

---

[2] When Cortes-Castro filed this petition, he was confined in a federal correctional institution in Petersburg, Virginia.

[3] On February 6, 2012, the trial court entered an amended judgment reflecting a modification to the restitution order and specifying a restitution total of $1,239,200.00. Trial Court ECF No. 213. Petitioner filed an appeal to the Eleventh Circuit, which was consolidated with petitioner's appeal filed on November 18, 2011. *See* Trial Court ECF Nos. 213, 220, 239.

On December 18, 2013, petitioner filed a *pro se* motion to vacate, set aside, or correct a sentence by a person in federal custody under 28 U.S.C. § 2255 with the trial court, challenging counsel's effectiveness and the lawfulness of his sentence. *Cortes-Castro v. United States*, No. 1:13cv24543 (S.D. Fla. Dec. 18, 2013). The motion was denied on the merits on October 7, 2014. *Cortes-Castro v. United States*, No. 1:13cv24543 (S.D. Fla. Oct. 7, 2014). The Eleventh Circuit denied petitioner's motion for a certificate of appealability because he failed to show that "reasonable jurists would find debatable both (1) the merits of an underlying claim, and (2) the procedural issues that he seeks to raise." *Cortes-Castro v. United States*, No. 14-14787-D (11th Cir. Mar. 4, 2015) (citing 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)).

On May 12, 2015, petitioner filed a second motion pursuant to 28 U.S.C. § 2255, in the trial court. *Cortes-Castro v. United States*, No. 1:15cv21815 (S.D. Fla. May 12, 2015). The motion was denied as an unauthorized successive motion because petitioner failed to obtain the certification required by 18 U.S.C. § 2244(b)(3)(A) from the Eleventh Circuit. *Cortes-Castro v. United States*, No. 1:15cv21815 (S.D. Fla. May 26, 2015), *report and recommendation adopted* (S.D. Fla. Sept. 30, 2015).

Petitioner has filed at least three applications for leave to file a successive motion to vacate, which the Eleventh Circuit denied on July 13, 2015, *Cortes-Castro v. United States*, No. 15-12819-B (11th Cir. Jul. 13, 2015); March 4, 2016, *Cortes-Castro v. United States*, No. 16-10474-A (11th Cir. Mar. 4, 2016); and August 15, 2016, *Cortes-Castro v. United States*, No. 16-15023-C (11th Cir. Aug. 15, 2016).

On September 7, 2016, petitioner filed his petition pursuant to 28 U.S.C. § 2241 in this court. ECF No. 1. On March 10, 2017, petitioner filed a motion to supplement, in which he

provides additional information related to his claims, ECF No. 6, and the Court granted the motion on March 22, 2017. ECF No. 7. On April 19, 2017, the United States filed a response to petitioner's motion and supplement. ECF No. 8. Petitioner filed a reply on May 5, 2017. ECF No. 9.

**B. Grounds Alleged**

The petition advances the following six grounds for relief:

(1) the government's knowing use of false evidence to produce the presentence report, ECF No. 1 at 1–6;

(2) the indictment "failed to state an offense, and failed to apprise petitioner of the charge" upon which he was convicted, ECF No. 1 at 7–8;

(3) petitioner's Fifth Amendment rights were violated through the upward departure "of 45 months above the statutory maximum sentence . . . based on false evidence within the presentence report," ECF No. 1 at 8–10;

(4) actual innocence, ECF No. 1 at 10–12;

(5) misconduct by government agents in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963), ECF No. 1 at 12; and

(6) violation of petitioner's procedural rights, ECF No. 1 at 12–15.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A. Sections 2255, 2241, and the "Savings Clause"**

In each of his grounds for relief, petitioner challenges the validity of his conviction and sentence, not the execution of his sentence. Therefore, the proper mechanism for raising such a challenge is a motion under 28 U.S.C. § 2255, which must be filed in the district that imposed the sentence. *See* 28 U.S.C. § 2255(a); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) ("Those convicted in federal court are required to bring collateral attacks challenging the validity of their

judgment and sentence by filing a motion to vacate sentence pursuant to [section] 2255."); *Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("A 28 U.S.C. § 2255 petition attacks the legality of detention").

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenges the manner in which the sentence is executed. *Provenzale v. United States*, 388 F. App'x 285, 286 (4th Cir. 2010) ("A federal prisoner . . . who seeks to challenge the legality of his conviction or sentence generally must proceed pursuant to § 2255, with § 2241 petitions reserved for challenges to the execution of the prisoner's sentence."); *Vial*, 115 F.3d at 1194 n.5 ("[A]ttacks on the execution of a sentence are properly raised in a § 2241 petition."); *Bradshaw v. Story*, 86 F.3d at 166 ("A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined."). However, a so-called "savings clause" in 28 U.S.C. § 2255(e) provides an option for the federal prisoner to challenge the legality of his conviction by means of a section 2241 habeas petition, providing:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

Petitioner argues that the "savings clause" in 28 U.S.C. § 2255 allows him to file a claim of "actual innocence" under section 2241 because section 2255 provides inadequate or ineffective relief. ECF No. 9 at 5. Additionally, petitioner states that he failed twice in his applications for an order authorizing a district court to consider a successive section 2255 motion because his claims are of "actual innocence" and do not rely on a new rule of constitutional law

or on newly discovered evidence as required by section 2255(h). ECF No. 9 at 4–5. Therefore, petitioner argues that "[a] second or successive § 2255 motion is . . . not available to address petitioner's claim." ECF No. 9 at 4.

Specifically, petitioner asserts that he is entitled to relief under 28 U.S.C. § 2241 because the government "knew and admitted that petitioner was not in the United States on the dates claimed by the victims," and that his conviction was based on "material false testimony and facts" in violation of the Fifth Amendment. ECF No. 6 at 1. Petitioner argues that his petition under section 2241 is appropriate because his custody "is the result of [] violations of the Constitutions and laws of the United States." ECF No. 9 at 2. Ultimately petitioner argues his custody is unconstitutional because his conviction and sentence were unconstitutional.

**B.      The Savings Clause, Section 2255(e)**

Petitioner brings this motion under 28 U.S.C. § 2241 "pursuant to the denial of [petitioner]'s applications for leave to file a second or successive motion [under 28 U.S.C. § 2255]." ECF No. 1 at 1. The Fourth Circuit in *In re Jones* found that relief under the savings clause is only available "in a limited number of circumstances," and "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted). The *Jones* court set out a three-part test to determine when a motion under section 2255 is inadequate and ineffective to test the legality of a conviction. *Id.* at 333-34. The court held that the savings clause applies if:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the petitioner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the

> prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Id.*

Petitioner cannot meet his burden of showing that a section 2255 motion is inadequate or ineffective. *See McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979) ("The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the petitioner."). Specifically, petitioner fails to show the applicability of the second prong of *Jones*, that due to subsequent substantive changes in the law, "the conduct of which the prisoner was convicted is deemed not to be criminal." *Jones*, 226 F.3d at 333–34.

In *Jones*, the defendant was convicted of "use" of a firearm for carrying a gun during and in relation to a drug trafficking offense. *Id.* at 330. However, the Supreme Court later ruled in *Bailey v. United States*, 516 U.S. 137, 144 (1995) that "mere possession" of firearms during and in relation to a drug trafficking offense does not constitute "use" within the meaning of § 924(c)(1). *Id.* at 334. Therefore, the Fourth Circuit found that Jones was "incarcerated for conduct that is not criminal." *Id.*

Here, petitioner concedes that there has been no substantive change in the law that makes the "conduct underlying his conviction for conspiracy to commit sex trafficking . . . noncriminal." ECF No. 9 at 3; *see* ECF No. 9 at 6–7, 9. Therefore, petitioner does not qualify for the savings clause under *Jones*, and section 2255 remains an adequate remedy to challenge his conviction.

**C. Re-characterization as Section 2255 and Lack of Jurisdiction**

The petition for writ of habeas corpus under section 2241 should be construed as a section 2255 motion. *Landsdowne v. Wilson*, 897 F. Supp. 2d 404, 407 (E.D. Va. 2012)

("because petitioner's claim falls outside the § 2255 savings clause, he may not proceed under § 2241. Instead, the instant application must be construed as a successive motion for relief under § 2255."); *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) ("we are also obliged to construe Rice's appeal as a request for leave to file a second or successive § 2255 motion."). However, this Court does not have jurisdiction to entertain a section 2255 motion. *See Rice*, 617 F.3d 802, 807 (4th Cir. 2010) ("In these circumstances, the district court lacked jurisdiction over the Habeas Motion because Rice is unable to satisfy the second prong of the *Jones* rule.").

> When a § 2241 motion filed by a federal prisoner seeks to attack a conviction or sentence (rather than the execution of a sentence) and does not satisfy the savings clause by meeting the requirements of "the *Jones* rule" . . . , the district court "lack[s] jurisdiction over the [§ 2241] Habeas Motion" and is required to dismiss it.

*Galloway v. United States*, No. 2:16cv348, 2016 WL 8943463, at *2 (E.D. Va. Oct. 4, 2016).

Petitioner was convicted and sentenced in the Southern District of Florida, and this Court has no jurisdiction over his section 2255 petition. The petition should, therefore, be dismissed without prejudice. *See Galloway v. Wilson*, 685 F. App'x 181, 181 (4th Cir. 2017) (upholding a lower court's ruling that it lacked subject matter jurisdiction over defendant's claims under section 2241 because petitioner failed to satisfy the *Jones* test, but modifying the ruling to dismiss the claims without prejudice); *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for lack of standing—or any other defect in subject matter jurisdiction—must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits").

**D. Notice**

The Supreme Court and Fourth Circuit have held that if a petitioner has not filed a section 2255 motion, and a court converts a section 2241 motion into a first section 2255 motion, a court must give notice to a petitioner before converting the motion. *See Castro v. United States*, 540 U.S. 375, 383 (2003). Here, where petitioner has already filed a section 2255 motion, this Court is not recharacterizing a litigant's motion as a "first" section 2255 motion. Notice is, therefore, not required before converting this case to a section 2255 petition. The reasons for giving such notice—warning petitioner of the rules on successive petitions and filing deadlines—are moot.

## III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that petitioner's petition for a writ of habeas corpus be DENIED and DISMISSED without prejudice to petitioner seeking authorization from the Eleventh Circuit to file a successive section 2255 motion. Petitioner's section 2241 petition is construed as a motion pursuant to 28 U.S.C. § 2255 and this Court has no jurisdiction over petitioner's motion.

## IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits

an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
United States Magistrate Judge

Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
December 22, 2017